**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FOSTER POULTRY FARMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, <br><br> Defendants. | CASE NO. 1:14-cv-00953-WBS-SAB <br><br> **ORDER RE STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26 and Eastern District Local Rule 141.1, plaintiff Foster Poultry Farms, Inc. ("Foster Farms") and defendants Certain Underwriters at Lloyd's, London (collectively, "Underwriters") (Foster Farms and Underwriters are collectively, the "Parties") stipulate that disclosure of confidential information in the above-captioned action is subject to the following Stipulated Protective Order.

**GOOD CAUSE STATEMENT**

Foster Farms asserts claims for declaratory judgment and breach of contract against Underwriters. Foster Farms alleges that Underwriters have improperly denied insurance coverage to Foster Farms for costs associated with a Notice of Suspension initiated by the Food Safety and Inspection Service of the United States Department of Agriculture under a Product Contamination Policy – Food and Beverage that Foster Farms purchased and to which Underwriters each individually and severally subscribed. Underwriters deny the allegations.

The Parties believe that they may be required to produce or disclose in this litigation information that one or more of the Parties and/or Non-Parties contend contains information of a

confidential, commercially sensitive, and/or proprietary nature and that, if disclosed in this litigation without restriction on its use or further disclosure, it may cause disadvantage, harm, damage, and/or loss to the disclosing party or Non-Parties.  Among other things, Foster Farms expects to request the production of documents regarding certain internal Underwriters communications, Underwriters personnel information, and other potentially proprietary or confidential Underwriters information. Similarly, Underwriters have requested that Foster Farms produce commercially sensitive information, including Foster Farms' communications with governmental entities, business procedures, and related confidential information.

The documents that are the subject of this Stipulated Protective Order, if produced, and without waiver of any other objections, include the following categories:

(a) Personnel files and other private or confidential employment records or information.

(b) Confidential business or commercial information as referenced in Federal Rule of Civil Procedure 26(c)(1)(G), including without limitation information relating to specific customer information, financial information, sales records, customer quotes or proposals, customer lists, terms of payment, pricing, costs, profits, or other sales information for specific equipment, products, or parts.

(c) Information subject to a separate protective order or confidentiality agreement.

The Parties further believe that the need for protection should be addressed by a court order, as opposed to a private agreement between and among the Parties to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential, commercially sensitive, and/or proprietary information.  In addition, the Parties would like the ability to request that the court rule on challenges to a Party's confidentiality designation.  Finally, in the Parties' experience, a court-approved protective order provides additional comfort and protections to Non-Parties that may be asked to produce sensitive information in this litigation.

1. **LIMITATIONS**

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use

extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    In-House Counsel:  attorneys who are employees of a Party to this action, or employees of the managing agents for Underwriters.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.  This definition includes attorneys retained to represent Foster Farms in the action pending before this court captioned *Foster Poultry Farms v. Orkin, LLC, et al.*, No. 1:14-CV-00812-JAM-GSA (the "Orkin Matter").

2.10    Party:  any party to this action, including managing agents for Underwriters, and all of such party's officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (4) any notes relating to Protected Material (subject to the provisions of Local Rule 141).  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication

not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Pursuant to Local Rule 141.1(b)(2), any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

1              (a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page of a document that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend to each page of a document that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

              (b)     for testimony given in deposition or in other pretrial or trial proceedings, that within 21 days after receipt of a final copy of the transcript, the Designating Party must identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days after receipt of a copy of a transcript, that the entire transcript shall be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  During the 21-day period, all testimony shall be deemed Protected Material, as if marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material.  The Designating Party shall inform the court reporter of these requirements.

(c) on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not

proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Rules 141.1 and 251 within 30 days of the Parties agreeing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 30 days shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation or the Orkin Matter.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in

this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

   7.2 Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.3 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court and its personnel;

    (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," that Receiving Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(d) If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Such information produced by Non-Parties in connection with this litigation is protected

by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Any inadvertent disclosure or production of materials subject to the work product doctrine, the attorney-client privilege, or any other applicable privilege or protection shall not constitute or be deemed a waiver of any such privilege or protection, provided that the Producing Party shall notify the Receiving Party in writing of such protection or privilege promptly after the Producing Party discovers such materials have been inadvertently produced. A Party who receives any inadvertently disclosed information may not use or disclose such information in this or any other proceeding or to any third party. Within five (5) business days after receiving notification or otherwise learning of the inadvertent disclosure or production, the Receiving Party shall certify in writing that it has destroyed or returned all copies of the inadvertently disclosed or produced information, including any summaries thereof. Within five (5) business days after the receipt of the Receiving Party's confirmation that it has destroyed or returned all copies of the inadvertently disclosed or produced information, the Producing Party shall provide the Receiving Party with a record (i.e., privilege log) establishing the privileged or protected nature of the inadvertently disclosed information. The Producing Party must preserve a copy of all such inadvertently disclosed information. Notwithstanding the foregoing, the Receiving Party may move the court for an order compelling production of the inadvertently produced information on the ground that it is not, in fact, privileged or protected; however, the moving party may not assert the circumstances surrounding the inadvertent disclosure as a ground for entering such an order.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

1  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material
2  covered by this Stipulated Protective Order.

3        12.3    <u>Filing Protected Material</u>.  Without written permission from the Designating
4  Party or a court order secured after appropriate notice to all interested persons, a Party may not file
5  in the public record in this action any Protected Material.  A Party that seeks to file under seal any
6  Protected Material must comply with Local Rule 141.  Protected Material may only be filed under
7  seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

8        12.4    <u>Applicable Law</u>.  This Stipulated Protective Order is subject to the Local
9  Rules of the Eastern District of California and the Federal Rules of Civil Procedure on matters of
10 procedure and calculation of time periods.

11       12.5    <u>Agreement of the Parties</u>.  If the court does not sign and enter this Stipulated
12 Protective Order for any reason, the Parties to this Stipulated Protective Order shall remain bound by
13 all of its terms and provisions, except as otherwise provided by governing law or by any subsequent
14 court order in this litigation.

15 **13.    FINAL DISPOSITION**

16 Within 60 days after the final disposition of this action, as defined in paragraph 4 or such
17 other time to be agreed upon by the Parties and ordered by the court, each Receiving Party must
18 return all Protected Material to the Producing Party or destroy such material.  As used in this
19 subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any
20 other format reproducing or capturing any of the Protected Material.  Whether the Protected Material
21 is returned or destroyed, the Receiving Party must submit a written certification to the Producing
22 Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1)
23 identifies (by category, where appropriate) all the Protected Material that was returned or destroyed
24 and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations,
25 summaries or any other format reproducing or capturing any of the Protected Material.
26 Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,
27 motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,
28 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  January 21, 2015          DICKSTEIN SHAPIRO LLP

By:  */s/ Fiona A. Chaney*
Fiona A. Chaney
2049 Century Park East, Suite 700
Los Angeles, CA  90067-3109
Email:  chaneyf@dicksteinshapiro.com
Attorneys for Plaintiff


DATED: January 21, 2015          SEDGWICK  LLP_

By:  */s/ Wayne A. Wolff_*
*(as authorized on 1-21-15)*
WAYNE A. WOLFF
333 Bush Street, 30th Floor
San Francisco, CA  94104
Email:wayne.wolff@sedgwicklaw.com
Attorneys for Defendants


Pursuant to the stipulation of the parties, IT IS SO ORDERED.

IT IS SO ORDERED.

Dated:   **February 18, 2015**           _____
                                        UNITED STATES MAGISTRATE JUDGE

-14-