UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FOSTER POULTRY FARMS, INC., | CIV. No. 1:14-00953 WBS SAB |
| Plaintiff, | ORDER RE: PARTIES' REQUESTS TO SEAL DOCUMENTS |
| v. | |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | |
| Defendants. | |

----oo0oo----

Plaintiff and defendants submitted separate requests to seal documents in support of their respective motions for summary judgment. (See Docket Nos. 38, 39.) A party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of public access. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). The party must "articulate compelling reasons supported by specific factual

1

findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (internal quotation marks and citation omitted).  In ruling on a motion to seal, the court must balance the competing interests of the public and the party seeking to keep records secret.  Id at 1179.

### I. Plaintiff's Request

Plaintiff has submitted a request to seal the proposed memorandum in support of its motion for partial summary judgment, statement of disputed facts, and sixteen supporting exhibits, together totaling 317 pages of material.  (Request to Seal (Docket No. 39).)

Plaintiff offers little explanation for its request. Plaintiff states that the disclosure of the 317 pages of materials could cause it disadvantage, harm, damage, and/or loss.  These boilerplate concerns alone do not outweigh the history of access and public policies favoring disclosure to the public. See In re McClatchy Newspapers, Inc., 288 F.3d 369 (9th Cir. 2001) (holding that injury to official reputation is an insufficient basis for preventing public access to court records).  Plaintiff also states that the documents include customer information but fails to indicate where.  Upon review of the materials, the court was unable to identify any sensitive or privileged information relating to customers.  Absent any guidance, the court cannot find a compelling reason to seal the entire memorandum in support of plaintiff's motion for summary judgment or any of the supporting materials.

### II. Defendant's Request

1         Defendants have also requested that the court seal
2 documents and redact information in connection with their cross-
3 motion for summary judgment.
4         Defendants' only justification for sealing these
5 documents is that the parties stipulated to, and the magistrate
6 judge entered, a blanket protective order regarding documents to
7 be disclosed in this case.  (See Def.'s Request to Seal at 2
8 (Docket No. 28).)  This court has previously held that a
9 confidentiality agreement between the parties does not per se
10 constitute a compelling reason to seal documents that outweighs
11 the interests of public disclosure and access.  October 8, 2014
12 Order at 2, Starbucks Corp. v. Amcor Packaging Distrib., Civ. No.
13 2:13-1754 (E.D. Cal. 2014).  The fact that the assigned magistrate
14 judge signed the stipulated protective order does not change this
15 principle.
16         Beyond the stipulated protective order, defendants offer
17 no further guidance as to why these materials should be sealed.
18 The burden is not on the court to parse a substantial amount of
19 material to determine whether it contains sensitive information.
20         IT IS THEREFORE ORDERED that plaintiff's request to
21 seal, (Docket No. 39), and defendants' request to seal, (Docket
22 No. 38), be, and the same hereby are, both DENIED.
23 Dated:  September 3, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE