UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FOSTER POULTRY FARMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, <br><br> Defendants. | CIV. No. 1:14-00953 WBS SAB <br><br> <u>ORDER RE: PARTIES' REQUESTS TO SEAL DOCUMENTS</u> |

----oo0oo----

Plaintiff and defendants submitted separate requests to seal documents, (Docket Nos. 42, 48), in connection with their respective briefings on plaintiff's motion to strike, (Docket Nos. 43, 49). The parties' requests are almost identical to their previous requests to seal documents in connection with their motions for summary judgment, (Docket Nos. 38, 39), which the court denied in full on September 3, 2015, (Docket No. 45).

1

1            A party seeking to seal a judicial record bears the
2    burden of overcoming a strong presumption in favor of public
3    access.  Kamakana v. City & County of Honolulu, 447 F.3d 1172,
4    1178 (9th Cir. 2006).  The party must "articulate compelling
5    reasons supported by specific factual findings that outweigh the
6    general history of access and the public policies favoring
7    disclosure, such as the public interest in understanding the
8    judicial process."  Id. at 1178-79 (citation omitted).  In ruling
9    on a motion to seal, the court must balance the competing
10   interests of the public and the party seeking to keep records
11   secret.  Id at 1179.

12             I. Plaintiff's Request

13           Plaintiff has submitted a request to seal the proposed
14   memorandum in support of its motion to strike and five supporting
15   exhibits, together totaling 127 pages of material.[1]  (See Docket
16   No. 42.)  Once again, plaintiff offers little explanation for its
17   request.  Plaintiff recites the boilerplate concerns from its
18   first request to seal and states that the disclosure of the 127
19   pages of materials could cause it disadvantage, harm, damage,
20   and/or loss.  Once again, these concerns alone do not outweigh
21   the history of access and public policies favoring disclosure to
22   the public.  See In re McClatchy Newspapers, Inc., 288 F.3d 369
23   (9th Cir. 2001).

---

[1] **In the court's prior order denying plaintiff's request to seal, the court already denied plaintiff's request as to Dr. Maxcy P. Nolan III's expert report dated May 1, 2015.  (Compare Pl.'s First Req. to Seal ¶ 8 (Docket No. 39), with Pl.'s Second Req. to Seal ¶ 2 (Docket No. 42).)**

2

        Plaintiff also states that the documents include customer information, but again fails to indicate where. Upon review of the materials, the court was unable to identify any sensitive or privileged information relating to customers. Absent any guidance, the court cannot find a compelling reason to seal the entire memorandum in support of plaintiff's motion to strike or any of the supporting materials.

## II. Defendants' Request

        Defendants have requested that the court seal documents and redact information in connection with their opposition to plaintiff's motion to strike.[2] (See Docket No. 48.) Once again, defendants' only justification for sealing these documents is that the parties stipulated to, and the magistrate judge entered, a blanket protective order regarding documents to be disclosed in this case.

        This court has previously held that a confidentiality agreement between the parties does not per se constitute a compelling reason to seal documents outweighing the interests of public disclosure and access. October 8, 2014 Order at 2, Starbucks Corp. v. Amcor Packaging Distrib., Civ. No. 2:13-1754 (E.D. Cal. 2014). The fact that the assigned magistrate judge signed the stipulated protective order does not change this principle.

---

[2] **In the court's prior order denying defendants' request to seal, the court already denied defendants' request as to Exhibits B-E to the Declaration of Wayne A. Wolff. (Compare Defs.' First Req. to Seal at 2 (Docket No. 38), with Defs.' Second Req. to Seal at 2 (Docket No. 48).)**

1          Beyond the stipulated protective order, defendants offer
2    no further guidance as to why these materials should be sealed.
3    The burden is not on the court to parse a substantial amount of
4    material to determine whether it contains sensitive information.
5               IT IS THEREFORE ORDERED that plaintiff's request to
6    seal, (Docket No. 42), and defendants' request to seal, (Docket
7    No. 48), be, and the same hereby are, both DENIED.
8    Dated:  September 23, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE